**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EETHO BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMMON CENTS DISTRIBUTORS LLC et al., <br><br> Defendants. | Case No. 2:24-cv-08962 (BRM) (CLW) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff EETHO Brands, Inc.'s ("Eetho") Motion for Default Judgment (ECF No. 28 (the "Motion")) against Defendants HASH7 LLC and BHUTTA LLC (collectively, "Default Defendants") pursuant to Federal Rule of Civil Procedure 55(b). The Complaint in this matter was filed on September 4, 2024, against BHUTTA LLC, Common Cents Distributors LLC ("CCD"), and HASH7 LLC, (collectively, "Defendants") seeking damages and injunctive relief for trademark infringement, copyright infringement, and unfair competition.[1] (ECF No. 1.)

Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Eetho's Motion for Default Judgment is **GRANTED**.

---

[1] CCD has entered an appearance and is contesting the Complaint allegations. (ECF No. 25.) Eetho also initially named JMGRetail, LLC as a co-defendant, but this party was voluntarily dismissed on October 24, 2024. (ECF No. 23.)

I. **BACKGROUND**

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Eetho is a corporation that sells health beverage shots, including one line of shots named "Dose for Your Liver" ("Liver Shots"). (ECF No. 1 ¶ 23.) Eetho sells Liver Shots on its own website and on Amazon.com ("Amazon"). (*Id.* ¶ 23.) Eetho owns two federally registered trademarks, a "Dose for Your Liver" wordmark and a stylized logo design mark. (*Id.* ¶ 27.) Eetho also owns a valid copyright in its "Dose for Your Liver" logo ("the Logo"). (*Id.* ¶¶ 34–36, 93.)

Eetho alleges Defendants sold its Liver Shots on Amazon, without authorization, by repackaging 3-bottle or 6-bottle bundles into 2-bottle bundles. (*Id.* ¶ 48.) In doing so, Eetho claims Defendants removed Eetho's special protective packaging and replaced it with inferior packaging. (*Id.*) Further, Defendants falsely listed ONDAGO, a brand owned by CCD (which has its principal place of business in New Jersey), as the manufacturer of Liver Shots. (*Id.* ¶¶ 18, 54.) Defendants allegedly stole product images containing trademarked and copyrighted material from Eetho's legitimate listing to display on their own Amazon listing. (*Id.* ¶ 55.) Defendants listed their product under a spurious identification number ("ASIN") linked to a defunct corporation, in violation of Amazon policy. (*Id.* ¶¶ 38–40, 50–53.) Eetho alleges these tactics confuse Amazon's algorithm and consumers as to the origin of the goods. (*Id.* ¶¶ 84–86.) Eetho sent cease-and-desist letters to Defendants, who in turn failed to respond or take corrective action. (*Id.* ¶¶ 65–66.) As a result of Defendants' actions, Eetho alleges customers have lodged complaints against ONDAGO about receiving damaged Liver Shots via Amazon product reviews. (*Id.* ¶ 97; Ex. J.) Such complaints damaged the reputation of Eetho's brand, causing Eetho to lose sales and customers. (*Id.* ¶ 114.)

Eetho filed its Complaint on September 4, 2024, alleging: (1) trademark infringement under 15 U.S.C. § 1114 ("Count One"); (2) unfair competition under 15 U.S.C. § 1125(a) ("Count Two"); (3) copyright infringement ("Count Three"); (4) common law trademark infringement ("Count Four"); and (5) unfair competition under N.J. Rev. Stat. § 17:29B-4 (2023) ("Count Five"). (*Id.* ¶¶ 67–116.) On September 12, 2024, Defendants were served with the Complaint in accordance with Federal Rule of Civil Procedure 4. (ECF No. 28 at 1.) Their responses were due by October 3, 2024, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i). (*Id.*) Default Defendants failed to appear, answer, or otherwise respond to the Complaint within the required time, and the Clerk of Court entered default against them on October 10, 2024. (*Id.*)

## II.   LEGAL STANDARD

Once the Clerk makes an entry of default, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The Court, rather than the Clerk, must enter the judgment where the amount is not a sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

The Third Circuit generally disfavors default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been

3

properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the Plaintiff has proven damages." *Trs. of the UFCW 126 & Emplrs. Pension Fund v. Laracca*, Civ. A. No. 16-4759, 2017 U.S. Dist. LEXIS 75091, at *7 (D.N.J. May 17, 2017); *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also make explicit factual findings as to: "(1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) ("[These] [t]hree factors control whether a default judgment should be granted[.]").

Generally, courts treat all allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, courts are not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58–59 (3d ed.1998)).

### III.  DECISION

The Court finds service of the Summons and Complaint were properly effectuated with respect to Default Defendants, and default was duly noted by the Clerk of the Court against Default Defendants for their failure to plead or otherwise defend in this action. Further, the Court has jurisdiction over Eetho's claims, and the unchallenged facts as presented in Eetho's Motion constitute legitimate causes of action.

### A. Service and Entry of Default

On September 12, 2024, Default Defendants were served with the Complaint in accordance with Federal Rule of Civil Procedure 4. (ECF No. 28 at 1.) Their responses were due by October 3, 2024, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i). (*Id.*) Default Defendants failed to appear, answer, or otherwise respond to the complaint within the required time, and the Clerk of Court entered default against Default Defendants on October 10, 2024. (*Id.*) The Court therefore finds service and entry of default were proper.

### B. Jurisdiction

#### 1. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Counts One and Two because they arise under federal law, 15 U.S.C. §§ 1114, 1125(a). 28 U.S.C. § 1331. This Court also has jurisdiction over Count Three pursuant to the Copyright Act of 1976, 28 U.S.C. § 1338(a). Because Counts Four and Five are state law claims that "form part of the same case or controversy" as Eetho's federal law claims, the Court will exercise supplemental jurisdiction over them. *Id.* § 1367(a).

#### 2. Personal Jurisdiction

Eetho contends the Court has specific personal jurisdiction over Default Defendants based on their contacts with New Jersey (*id.* at 4–8), and the Court agrees.

The Third Circuit uses a three-part test to assess specific personal jurisdiction. First, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Second, the litigation must "arise out of or relate to" at least one of those activities. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d. Cir. 2007) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). If both requirements are met, courts then consider whether

asserting personal jurisdiction would "comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945)). Although a plaintiff maintains the burden of demonstrating personal jurisdiction exists in a motion for default judgment, they may satisfy that burden through a prima facie showing on the pleadings and supporting materials. *See Gen. Nutrition Inv. Co. v. Laurel Season, Inc.*, Civ. A. No. 20-691, 2020 WL 5077465, at *2 (W.D. Pa. Aug. 26, 2020).

Eetho alleges Default Defendants falsely identified ONDAGO—an Amazon retailed associated with a New Jersey-based entity, CCD—as the manufacturer of Liver Shots (ECF No. 1 ¶ 54) and used Amazon to market and sell repackaged Liver Shots into the state of New Jersey and elsewhere (*Id.* ¶¶ 11, 19).

Courts in this Circuit and beyond have found the sale of goods through Amazon into the forum state constitutes purposeful availment. *See Telebrands Corp. v. Mopnado*, Civ. A. No. 14-7969, 2016 WL 368166, at *7 (D.N.J. Jan. 12, 2016) (finding personal jurisdiction where infringing product sold on Amazon); *Gen. Nutrition Inv. Co.*, 2020 WL 5077465 at *2–4 (finding purposeful availment on default judgment where defendant did not appear to contest jurisdiction, defendant intentionally used Amazon's network, and plaintiff was citizen of forum state); *Westpark Elecs. LLC v. EDealer LLC*, Civ. A. No. 22-4327, 2023 WL 5321053, at *4–5 (D.N.J. Aug. 17, 2023); *see also Carson Optical, Inc. v. RQ Innovasion Inc.*, Civ. A. No. 16-1157, 2020 WL 1516394, at *3 (E.D.N.Y. Mar. 30, 2020); *Brady v. Anker Innovations Ltd.*, Civ. A. No. 18-11396, 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020) (finding the defendant's advertisement and sale of products via Amazon into the forum state justified purposeful availment). Courts in this District have also recognized that, in the copyright context, "offering for sale in the state even a single copy of an infringing work," as Eetho alleges, "can form the basis for personal jurisdiction." *Dunn*

*v. Parker*, Civ. A. No. 21-17351, 2022 WL 1553333, at *4 (D.N.J. May 17, 2022) (finding purposeful availment where plaintiff showed infringing work was being "offered for sale through online retailers including Amazon" in New Jersey).

Here, Default Defendants leveraged Amazon's extensive infrastructure to sell and ship Liver Shots, including in New Jersey. (ECF No. 1 ¶ 19; Ex. B.) Default Defendants specifically used ONDAGO, a New Jersey-based entity, as their storefront on Amazon, and thus purposefully availed themselves of the forum state's jurisdiction. (*Id.* ¶¶ 11, 19.) *See also Gen. Nutrition Inv. Co.*, 2020 WL 5077465 at *2–4; *Ford Motor Co.*, 592 U.S. at 359. Therefore, the sales in New Jersey were not "mere happenstance," but they "mark[ed] the success of [Default Defendants'] business plan." *Mopnado*, 2016 WL 368166, at *7. Additionally, Eetho alleges the instances of copyright infringement in the forum state were facilitated through sales on Amazon. *See Dunn*, 2022 WL 1553333 at *4; (ECF No. 1 ¶ 58). Finally, Default Defendants have chosen not to appear and contest personal jurisdiction. *See Gen. Nutrition Inv. Co.*, 2020 WL 5077465 at *2–3. Accordingly, the Court finds Default Defendants' sales into New Jersey sufficient to constitute purposeful availment of the New Jersey forum.

Eetho's claims also arose out of Default Defendants' activities. The alleged trademark infringement, copyright infringement, and unfair competition claims center on Default Defendants' use of the ONDAGO brand to sell Eetho's products. (ECF No. 1 ¶¶ 70, 85, 95–97.) *See Gen. Nutrition Inv. Co.*, 2020 WL 5077465 at *2–4 (finding trademark infringement activities in forum state justified specific personal jurisdiction).

Lastly, the exercise of jurisdiction over Default Defendants comports with "fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 320. The core question for this factor is whether it is "reasonable to require the defendant to defend the suit in the forum state." *Decker v. Circus Circus*

7

*Hotel,* 49 F. Supp. 2d 743, 746 (D.N.J. 1999). Courts also consider "the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Here, Default Defendants could reasonably expect to be haled into court in New Jersey because they intentionally exploited a New Jersey brand and sold products into New Jersey through Amazon. (ECF No. 1 ¶ 11.) The State of New Jersey has a strong interest in adjudicating the dispute, as it relates to an entity incorporated under its laws. Eetho's interest in obtaining efficient resolution also supports the exercise of jurisdiction, as this matter has been substantially litigated in New Jersey at significant time and cost to Eetho, and resolution is imminent.

## C. Sufficiency of Pleadings

### 1. Counts One and Two

Eetho has alleged legitimate causes of action as to Counts One and Two, both brought under provisions of the Lanham Act.

The standards for trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a)(1)(A) are identical. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). "To prove either form of Lanham Act violation, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *Id.* "A likelihood of confusion exists when 'consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark.'" *Id.* at 211 (quoting *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992)).

8

The Third Circuit uses the *Lapp* factors to test for likelihood of confusion.[2] *Id.* at 215; *see Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983). "Not all factors will be relevant in all cases; further, the different factors may properly be accorded different weights depending on the particular factual setting." *A & H*, 237 F.3d at 215. "The single most important factor in determining likelihood of confusion is mark similarity." *Id.* at 216. "The test for such similarity is 'whether the [marks] create the same overall impression when viewed separately.'" *Id.* (quoting *Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 476 (3d Cir. 1994)).

Here, Eetho alleges it owns two valid, legally registered trademarks: a wordmark for "Dose for Your Liver" and a stylized logo design mark. (ECF No. 1 ¶¶ 27–28.) These registrations establish the first two elements of Eetho's Lanham Act claims. *A & H*, 237 F.3d at 211. Eetho also plausibly alleges Default Defendants' use of its trademarks created a likelihood of confusion. As described in the Complaint, Default Defendants stole product images containing these trademarks from Eetho and displayed them on Amazon. (ECF No. 1 ¶ 55.) ONDAGO's Amazon listing

---

[2] The factors are as follows:
> (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, competing or not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers, whether because of the near-identity of the products, the similarity of function, or other factors; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture both products, or expect the prior owner to manufacture a product in the defendant's market, or expect that the prior owner is likely to expand into the defendant's market.

*A & H*, 237 F.3d at 215.

9

unmistakably displays identical versions of the Eetho trademarks. (ECF No. 1, Exs. C–D.) The marks "create the same overall impression." *A & H*, 237 F.3d at 216. As evidenced by the customer reviews attached to the Complaint which refer to the purchased product as "Dose," consumers appear to associate the product sold by Default Defendants via ONDAGO with Eetho's trademark. (ECF No. 1 ¶ 105; Ex. J.) Therefore, Default Defendants' use of the trademarks to identify their product "causes a likelihood of confusion." *A & H*, 237 F.3d at 210.

Other *Lapp* factors also support a likelihood of confusion. Default Defendants market their goods "through the same channels of trade," Amazon, as Eetho. *Id.* at 215. The products sold by Eetho and Default Defendants are not only "near-identi[cal]" but completely identical, apart from their packaging. *Id*; (ECF No. 1 ¶ 95; Exs. A, C, D). The "consuming public might expect the prior owner to manufacture both products," *id.*, and the owner here—Eetho—does manufacture both products. (ECF No. 1 ¶ 54.) The "intent of [Default Defendants] in adopting the mark" is to confuse consumers and Amazon as to the source of Liver Shots. *A & H*, 237 F.3d at 215; (ECF No. 1 ¶ 6).

In all, Eetho has alleged legitimate causes of action as to its trademark infringement and unfair competition claims under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)(1)(A), respectively.

### 2. Counts Four and Five

Eetho has also alleged legitimate causes of action as to its common-law trademark infringement and New Jersey unfair competition law claims.

"In New Jersey, liability for common law trademark infringement is established when a defendant violates the federal Lanham Act for trademark infringement." *Bambi Baby.com Corp. v. Madonna Ventures, Inc.*, Civ. A. No. 18-12669, 2019 WL 2337447, at *9 (D.N.J. June 3, 2019); *Coach, Inc. v. Cosmetic House,* Civ. A. No. 10-2794, 2011 WL 1211390, at *5 (D.N.J. Mar. 29, 2011) ("[L]iability for trademark infringement under federal law is sufficient to establish common

10

law trademark infringement[.]"); *La Cena Fine Foods, Ltd. v. Jennifer Fine Foods*, Civ. A. No. 01-5746, 2006 WL 2014503, at *8 (D.N.J. July 18, 2006) (finding common law trademark infringement based on Lanham Act violation); *see also Barre-Nat'l, Inc. v. Barr Labs., Inc.*, 773 F. Supp. 735, 746 (D.N.J. 1991) ("[T]he test for common law trademark infringement is the same as for federal trademark infringement[.]"). Likewise, "the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition and trademark infringement under New Jersey statutory and common law." *Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 317–18 (D.N.J. 2006) (citing *J & J Snack Foods, Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 374 (D.N.J. 2002)).

As discussed *supra*, Eetho has sufficiently pled trademark infringement and unfair competition claims under the Lanham Act. These allegations therefore also support claims for trademark infringement and unfair competition under New Jersey's statutory and common law. *See id.*; *Bambi Baby.com Corp.*, 2019 WL 2337447 at *9.

### 3. Count Three

Eetho has alleged a legitimate cause of action as to Count Three.

The two elements of a copyright infringement claim are: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[C]opying is demonstrated when someone who has access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991). "[T]he fact-finder is to determine whether a 'lay-observer' would believe that the copying was of protectible aspects of the copyrighted work."

*Dam Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 554 (3d Cir. 2002) (quoting *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986)).

As alleged in the Complaint, Eetho owns a valid copyright in its "Dose for Your Liver" logo. (ECF No. 1 ¶¶ 34–36, 93.) Upon review of the examples of Eetho's product listings and Default Defendants' product listings attached to the Complaint, the Court concludes Eetho has plausibly alleged Default Defendants copied the entirety of the Logo and its protectible elements, as the listings contain nearly identical images. (*See id.* ¶ 95; Exs. A, C, D.) Therefore, Default Defendants' use of Eetho's Logo (ECF No. 1 ¶ 34) satisfies the copying element of an infringement claim, *see also Telebrands Corp. v. Newmetro Design, LLC*, Civ. A. No. 16-1981, 2016 WL 5852855, at *5 (D.N.J. Oct. 4, 2016) (finding copyright infringement for use of identical logo); *Basic Fun, Inc. v. X-Concepts, LLC*, 157 F. Supp. 2d 449, 457 (E.D. Pa. 2001) (same).

### 4. Propriety of Default

Finally, the Court must make explicit factual findings as to "(1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177; *see also Chamberlain*, 210 F.3d at 164. All three factors favor entering default judgment for Eetho.

First, Default Defendants have "put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, Civ. A. No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015); *see also Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006) (granting default judgment where defendant did not respond). Consequently, the Court has not been presented with a defense to evaluate, *see United States v. Vo*, Civ. A. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 9,

2016), nor does the Complaint suggest a meritorious defense is available, and Eetho pled sufficient facts to hold Default Defendants liable for each of its claims.

Second, Eetho has been prejudiced by Default Defendants' failure to answer. Without a default judgment, Eetho has "no other means of seeking damages for the harm allegedly caused by [Default Defendants]." *Gowan v. Cont'l Airlines, Inc.*, Civ. A. No. 10-1858, 2012 U.S. Dist. LEXIS 95135, at *7 (D.N.J. July 9, 2012). Third, Default Defendants failed to formally appear, demonstrating their culpability in the default. *See Doug Brady*, 250 F.R.D. at 177. The Court therefore finds default judgment is warranted. *See id.*; *Directv, Inc.*, 2006 WL 680533 at *2.

Accordingly, Eetho's Motion for Default Judgment (ECF No. 28) is **GRANTED**.

### D. Damages and Injunctive Relief

Having found a default judgment is warranted, the Court turns to Eetho's requests for monetary damages (including post-judgment interest), attorneys' fees, and a permanent injunction. (ECF No. 28 at 16–38.) Eetho seeks $1,200,000 each from HASH7 LLC and BHUTTA LLC, respectively: $500,000 in statutory damages for each Lanham Act claim (for trademark infringement and unfair competition), and $200,000 in statutory damages under the Copyright Act. (*Id.* at 32–34; ECF No. 1 Prayer for Relief.) Eetho's statutory damages request is based in part on its view that Default Defendants' infringement of its intellectual property was willful. (ECF No. 28 at 16–34.) Eetho also argues the four permanent injunction factors are met, and it is entitled to attorneys' fees under the Lanham and Copyright Acts because this constitutes an "exceptional case of willful infringement." (*Id.* at 34–38 (internal quotation marks omitted).)

#### 1. Statutory Damages

On a motion for default judgment, the Court need not accept the allegations in the Complaint related to the amount of damages as true. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp.

2d 532, 536 (D.N.J. 2008); *see also Super 8 Motels, Inc. v. Radhe-Krishna Hosp., LLC*, Civ. A. No. 06-1333, 2006 WL 3833546, at *2 (D.N.J. Dec. 21, 2006) (stating that, on motion for default judgment, "the Court must accept all allegations in the Complaint other than those regarding the amount of damages"). In requesting default judgment, a plaintiff must explain how the total amount was calculated by "explicitly stat[ing] the principal amount of damages available under each theory of liability it asserts and the specific penalties, interests, fees, and costs accompanying that principal amount." *N.J. Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. River Drive Cos.*, Civ. A. No. 17-9047, 2018 WL 4380994, at *4 (D.N.J. Sept. 14, 2018).

Eetho argues Default Defendants' unlawful acts merit the increased statutory penalties for willful violations under both the Copyright Act's seven-factor test and the relevant factors in the Lanham Act. (ECF No. 28 at 16–32.) Specifically, Eetho contends "the profits earned and expenses saved by the infringer, the loss of revenue experienced by [Eetho], the value of the copyrighted work, [the] need to create a deterrent effect beyond the specific case," the Default Defendants' willfulness, their lack of cooperation in providing necessary records, and the need for specific deterrence counsel in favor of the penalties available under the Copyright Act for a willful violation. (*Id.* at 16–29.) Additionally, Eetho argues Default Defendants' actions to circumvent Amazon's policies and sell the infringing Dose products under another ASIN constitute willful violations of the Lanham Act. (*Id.* at 29–32.) Eetho also contends the Court may conduct "a unified analysis of statutory damages" under the Lanham and Copyright Acts. (*Id.* at 32.)

"The Copyright Act . . . and Lanham Act . . . contain provisions authorizing an award of statutory damages in lieu of actual damages. The award of statutory damages is especially fitting in the default judgment context where Plaintiffs are without the benefit of any disclosures by the infringer, leaving damages uncertain." *Evony, LLC v. Holland*, Civ. A. No. 2:11-00064, 2011 WL

14

1230405, at *3 (W.D. Pa. Mar. 31, 2011) (internal citations omitted). Courts in this Circuit have found "[a] default judgment leads to a conclusion that a defendant's actions were willful" in the context of intellectual property violations such as trademark and copyright infringement. *Granger v. One Call Lender Servs., LLC*, Civ. A. No.10-3442, 2012 WL 3065271, at *2 (E.D. Pa. July 26, 2012) (citing *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 542 (E.D. Pa. 2008)); *Evony*, 2011 WL 1230405 at *5 (inferring willful violation of Copyright Act through defendants' "failure to defend this action" and evasive response to plaintiff's infringement notices). However, these courts have generally chosen not to award statutory damages under both the Copyright and Lanham Acts for the same underlying conduct in light of "the bar to double recovery in the intellectual property context."[3] *Granger*, 2012 WL 3065271 at *3; *Evony*, 2011 WL 1230405 at *4–5 (finding "awarding duplicative statutory damages under different legal theories" brings result far afield from goal of properly compensating intellectual property owners, and "statutory damages available under either the Copyright Act or the Lanham Act" are more than sufficient to accomplish infringement deterrence goals).

While Eetho claims its trademark and copyright claims constitute "distinct harms," the Court finds they are two sides of the same coin. (ECF No. 28 at 31–32.) As described in the Complaint, Default Defendants unlawfully appropriated Eetho's Liver Shots Logo, a copyrighted work incorporating Eetho's trademarked designs and language, to sell its repackaged Liver Shots

---

[3] Eetho's primary citation in support of double statutory recovery, *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161 (S.D.N.Y. 1999), is not a case in which a plaintiff recovered under both the Copyright and Lanham Acts; rather, the district court in *Sara Lee* analogized the statutory damages provision of the Lanham Act to that in the Copyright Act. *Id.* at 166. Similarly, the district court in *Elsevier Inc. v. Siew Yee Chew*, another case cited by Eetho, did not award relief under both acts "as to any one work," which the district court noted is "a practice disapproved of by many courts," Civ. A. No. 17-6225, 2019 WL 74606, at *10 (S.D.N.Y. Jan. 2, 2019), *report and recommendation adopted*, Civ. A. No. 17-6225, 2019 WL 10947099 (S.D.N.Y. Jan. 23, 2019).

without Eetho's "branded protective packaging." (ECF No. 1 ¶¶ 27–37, 45–49.) Because there is no clear distinction between the copyrighted and trademarked works at the heart of this dispute, and both were used to effectuate the same scheme, the Court will follow the example of other courts in this Circuit and apply only the statutory damages called for in the Copyright Act. *See Granger*, 2012 WL 3065271 at *3; *Evony*, 2011 WL 1230405 at *4–5.

Section 504(c)(1) of the Copyright Act authorizes statutory damages between $750 and $30,000, "as the court considers just," for each work infringed. 17 U.S.C. § 504(c)(1). In the case of willful infringement, the Court may increase the award to as much as $150,000 per work infringed. *Id.* at § 504(c)(2). Eetho has one copyrighted work at issue here, the Logo. (ECF No. 1 ¶¶ 34–36, 93.) The Court finds Default Defendants' failure to appear in this action, as well as their refusal to respond to repeated cease-and-desist letters from Eetho, merit a finding of willfulness. *See Granger*, 2012 WL 3065271 at *5; *Evony*, 2011 WL 1230405 at *5. In light of the Lanham Act and state law violations, the statutory maximum for a willful violation is appropriate. *See Evony*, 2011 WL 1230405 at *6. The Court will therefore impose statutory damages of $150,000 on each Default Defendant, for a total of $300,000.

### 2. Injunctive Relief

In determining whether to grant a permanent injunction, "the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Gen. Nutrition Inv.*, 2020 WL 5077465 at *5 (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)). Equitable relief such as an injunction must be no more burdensome than

necessary to provide complete relief to the plaintiff and tailored to fit the specific violations. *Id.* (citing *City of Philadelphia v. Att'y Gen. of United States*, 916 F.3d 276, 292 (3d Cir. 2019)).

As described, Eetho has shown actual success on the merits by way of the default judgment. *See infra* Section III.C. Eetho has also demonstrated it will suffer irreparable harm to its "brand reputation and consumer trust," for which monetary damages are inadequate, particularly in light of Default Defendants' failure to respond to Eetho's cease-and-desist letter or to appear in this litigation. (ECF No. 28 at 34–35); *see also Gen. Nutrition Inv.*, 2020 WL 5077465 at *5 (finding irreparable harm from trademark owner's "loss of control over its business reputation and goodwill" on default judgment). The balance of hardships and the public interest also favor a permanent injunction because Default Defendants are not entitled to infringe on Eetho's protected works, so they will suffer no greater harm, and the public benefits from protecting those works. *See Gen. Nutrition Inv.*, 2020 WL 5077465 at *5 (finding public interest in "prevent[ing] distribution of unauthorized . . . products to the public without appropriate quality controls"). The Court therefore finds Eetho is entitled to a permanent injunction against Default Defendants. As the accompanying order describes in further detail, Default Defendants are enjoined from using Eetho's trademarks or copyrighted material in any manner rand are ordered to remove any such material or references to it from their web presences.

### 3. Attorneys' Fees and Interest

Eetho seeks post-judgment interest in accordance with 28 U.S.C. § 1961 and reasonable attorneys' fees under the Copyright and Lanham Acts. (ECF No. 28 at 36–38.) In line with its approach to monetary damages, the Court will consider the propriety of attorneys' fees under the Copyright Act. *See, e.g.*, *Evony*, 2011 WL 1230405 at *7–8.

The Copyright Act authorizes courts to award reasonable attorneys' fees to a prevailing party in situations of deliberate infringement and to compensate a party "for defending or enforcing its copyrights." *Yash Raj Films (USA) Inc. v. Rannade Corp.*, Civ. A. No. 01-5779, 2007 WL 1456193, at *12 (D.N.J. May 17, 2007). "The burden of establishing the reasonableness of the fees sought lies on the party seeking the award." *Broad. Music, Inc. v. 3817 Pac. LLC*, Civ. A. No. 23-22782, 2024 WL 3451885, at *8 (D.N.J. July 18, 2024) (awarding attorneys' fees on default judgment of copyright infringement but ordering plaintiff to submit evidence of litigation expenses as to specific amount); *Evony*, 2011 WL 1230405 at *7–8 (same).

Because the Court has concluded Default Defendants acted willfully in infringing Eetho's protected works, reasonable attorneys' fees and costs are appropriate under the Copyright Act. *See id.* However, Eetho must provide the Court with evidence of "the time spent on this case, counsel's hourly rate, and [Eetho's] related costs and expenses incurred in litigating the matter." *Broad. Music*, 2024 WL 3451885 at *8. The accompanying order details how and when Eetho is to submit this evidence. The Court will also award post-judgment interest pursuant to 28 U.S.C. § 1961. *See id.* (noting post-judgment interest is mandatory under the statute).

### IV.     CONCLUSION

For the reasons set forth above, and for good cause having been shown, Eetho's Motion for Default Judgment (ECF No. 28) is **GRANTED**. An appropriate order follows.

Dated:  July 21, 2025                                   */s/ Brian R. Martinotti*
                                                                                                     HON. BRIAN R. MARTINOTTI
                                                                                                      UNITED STATES DISTRICT JUDGE